**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO RIVERA, AKA Tomas Salamanca Ramirez, AKA Dennis Gonzales, | No. 08-35349 |
| Plaintiff - Appellant, | D.C. No. 9:05-CV-00165-JCL |
| v. | MEMORANDUM[*] |
| DON BELL, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding[**]

Submitted February 11, 2013[***]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Pedro Rivera, aka Tomas Salamanca Ramirez, aka Dennis Gonzales, appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging claims arising from his arrest for driving under the influence of alcohol and other charges. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment on Rivera's excessive force claim under the doctrine of qualified immunity because Rivera failed to raise a genuine dispute of material fact as to whether defendant used unreasonable force in trying to gain control over, search, and arrest Rivera after Rivera refused to obey instructions, behaved erratically, and tried to resist the officer. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095-96 (9th Cir. 2006) (use of force during an arrest was objectively reasonable, not excessive, where suspect, who later died of cocaine toxicity, was agitated, refused to obey commands, struggled out of the officer's grasp, and otherwise resisted arrest); *see also Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (defendants were entitled to qualified immunity where there is no violation of plaintiff's constitutional right or the right at issue was not "clearly established").

**AFFIRMED.**